IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NO.: 3:07-cv-406-MEF-SRW |
| | ) |
| TALLAPOOSA COUNTY DISTRICT | ) |
| ATTORNEY OFFICE and TALLAPOOSA | ) |
| COUNTY SHERIFF DEPARTMENT, | ) |
| | ) |
|     DEFENDANTS. | ) |

# **ORDER**

This cause is now before the Court on a Motion to Appear In Forma Pauperis (Doc. # 2) filed by Plaintiff Gene Coggins ("Plaintiff") on May 9, 2007. Plaintiff's motion is properly made pursuant to 28 U.S.C. § 1915(a)(1).[1] Section 1915(a)(1) provides:

> Subject to subsection (b), any court of the United States may authorize commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

While this provision authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

---

[1] Plaintiff incorrectly invokes Federal Rule of Appellate Procedure 24, which does not apply to cases, such as this one, pending the district, rather than appellate, court.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Philiips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). For this reason, it is well established that a district court should follow a two-step procedure in processing a complaint filed pursuant to 28 U.S.C. § 1915. First,

> the district court should determine whether the plaintiff satisfies the economic eligibility criterion under [28 U.S.C. § 1915(a)[(1)]. Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees.

*Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 16, 1981).[2] Second, once leave has been granted, this provision allows the district court to dismiss the complaint prior to service of process if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).[3] Thus, the court may "spare

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[3] Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —
>
> > (A) the allegation of poverty is untrue; or
> > (B) the action or appeal ---

the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall*, 648 F.2d at 270. Section 1915(e) applies to all litigants proceeding *in forma pauperis*. *See, e.g., Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring).

It appears from the affidavit filed in support of the Motion to Appear In Forma Pauperis (Doc. # 2) that Plaintiff satisfies the economic eligibility criteria of § 1915(a)(1). Accordingly, the complaint may be filed without prepayment of fees.

The Court is, however, of the view that this cause should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) – (iii). Plaintiff brings claims in this case against the Tallapoosa County District Attorney Office and the Tallapoosa County Sheriff Department. Neither the Tallapoosa County Sheriff's Department, nor the Tallapoosa County District Attorney Office, is a legal entity subject to suit or liability. *See*, *e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Additionally, even if these defendants were legal entities subject to suit, the Court is of the view that a variety of immunity doctrines would bar Plaintiff's claims.[4]

---

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[4] For example, to the extent that Plaintiff names the district attorney as a defendant, prosecutors are entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. *See Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976); *Jones v. Cannon,* 174 F.3d 1271, 1281 (11th Cir. 1999).

In addition, it appears that Plaintiff is requesting that this Court review the actions of state courts. It is not the role of a federal district court such as this one to review the actions of state courts. That role is reserved to state appellate courts, the Supreme Court of Alabama, and ultimately, the United States Supreme Court. They are the only bodies that can correct any error of law that may have been made by a state trial court. *See, e.g., District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

For the foregoing reasons, the Court is concerned that the Complaint is due to be dismissed before service on defendants pursuant to § 1915(e)(2)(B)(i) – (iii). *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989); *Denton v. Hernandez,* 504 U.S. 25, 122 (1992). Accordingly, it is ORDERED as follows:

(1) That Plaintiff's Motion to Appear In Forma Pauperis (Doc. # 2) is GRANTED to the extent that Plaintiff's Complaint is filed without prepayment of fees; and

(2) That Plaintiff shall show cause, if any there be, in writing by **May 29, 2007**, as to why this lawsuit should not be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

DONE this the 17th day of May, 2007.

                                             /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE