IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, | ) |
|     PLAINTIFF, | ) ) ) |
| v. | )   CASE NO.: 3:07-cv-406-MEF-SRW |
| TALLAPOOSA COUNTY and TALLAPOOSA COUNTY SHERIFF DEPARTMENT, | ) ) ) ) ) |
|     DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gene Coggins ("Coggins"), a frequent *pro se* litigant in this Court, brought this lawsuit against the Tallapoosa County Sheriff's Department and Tallapoosa County. The Complaint is rather difficult to follow. It is long on rhetoric and short on a factual predicate for the claims. In fact, the face of the Complaint itself makes it difficult to ascertain the identity of the actual defendants. The first page of the Complaint makes it seem as if Coggins is attempting to sue the Tallapoosa County District Attorney Office and the Tallapoosa County Sheriff Department. The body of the Complaint is lacking factual allegations that would clarify the identity of the actual defendants. It is only when the summons submitted to the Clerk of the Court are reviewed that it is clear that the suit is intended to be brought against *Tallapoosa County* and the Tallapoosa County Sheriff Department.

Along with his Complaint, Coggins sought leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915(a)(1). Conducting the *mandatory* review of complaints brought by litigants seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), the Court previously expressed concerns about the viability of these claims and directed Plaintiff to show cause why they should not be dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii). Coggins filed a response. After reviewing Coggins' response, the Court determined that the claims against the Tallapoosa County Sheriff's Department were due to be dismissed without prejudice prior to service pursuant to 28 § 1915(e)(2)(B)(i) – (iii). The Court further determined that it could not assess the viability of Coggins' claims against Tallapoosa County as the law requires because the Complaint was insufficiently clear as to the factual basis of the claims against Tallapoosa County. For this reason, the Court entered an Order (Doc. # 9) on May 30, 2007, directing Coggins to file an amended complaint setting forth the factual basis for his claims against Tallapoosa County.

Instead of filing the required amended complaint, Coggins filed a document entitled "Permission to Appeal to the United States Court of Appeals in Atlanta, Georgia" (Doc. # 10). No appealable order has yet been entered in this case so to the extent that Coggins seeks leave from this Court to file an appeal, his request is due to be denied.

In "Permission to Appeal to the United States Court of Appeals in Atlanta, Georgia" (Doc. # 10), Coggins refuses to amend his complaint as this Court has directed and asserts that his complaint is very plain. The Court disagrees.

For the foregoing reasons, it is hereby ORDERED as follows:

(1) On or before **June 15, 2007**, Coggins shall file an amended complaint setting forth the *factual* basis for his claims against Tallapoosa County. Coggins shall not clutter his amended complaint with ranting against perceived injustice against him at the hands of this Court or commentary on this Court's rulings in this or other cases. Coggins' amended complaint should instead represent his best effort to describe in simple language the who, what, where, when, why, and how of his case. Additionally, in conformity with the requirements of Federal Rule of Civil Procedure 8(a), the amended complaint must also include a short and plain statement of the grounds on which this Court's subject matter depends.

(2) **Coggins is hereby warned that failure to comply with Orders of this Court, including Orders directing him to file an amended complaint may result in the dismissal of his action.**

(3) To the extent that the "Permission to Appeal to the United States Court of Appeals in Atlanta, Georgia" (Doc. # 10) could be construed as containing a motion for leave to file an interlocutory appeal of any prior Order of this Court, it is DENIED.

DONE this the 8th day of June, 2007.

                                        /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE