IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 3:07-cv-406-MEF-SRW |
| ) | |
| TALLAPOOSA COUNTY DISTRICT ) | |
| ATTORNEY OFFICE and TALLAPOOSA ) | |
| COUNTY SHERIFF DEPARTMENT, ) | |
| ) | |
| DEFENDANTS. ) | |

## **MEMORANDUM OPINION AND ORDER**

This lawsuit is one of the sixteen lawsuits that Gene Coggins ("Coggins" or "Plaintiff") has filed in this Court as a *pro se* litigant. On May 9, 2007, Coggins initiated this action by filing a Complaint and several motions. The Complaint named two defendants: the Tallapoosa County Sheriff Department and Tallapoosa County.[1] Coggins alleges that these two defendants destroyed certain of his constitutional rights. Specifically, Coggins alleges that over many years[2] Tallapoosa County and the Tallapoosa County Sheriff Department have: (1) denied protection to Coggins' family; (2) refused to respond to his complaints about individuals stealing from him or damaging things and failed to serve arrest warrants in

---

[1] From the Complaint itself, it appeared that the "Tallapoosa County District Attorney Office" was a named defendant, however, the Summons prepared and submitted by Coggins is addressed to Tallapoosa County. In his Amended Complaint (Doc. # 12), Coggins makes it plain that he seeks to bring suit against Tallapoosa County and the Tallapoosa County Sheriff Department and not against the Tallapoosa County District Attorney Office.

[2] Specific dates of the predicate events are not alleged.

response to his complaints;[3] (3) failed to take prompt action on things he brings in court; (4) denied his right to a jury trial by dismissing his cases; (5) denying his right to appeal; (6) added charges to every guaranteed constitutional right he presented and improperly denying his ability to appeal without fees or costs; (7) violated his right to a speedy trial as set forth in the constitution and in the Speedy Trial Act of 1974, 18 U.S.C. § 3161;[4] (8) unduly delayed the settlement of his mother's estate; (9) violating his constitutional rights by arresting him and placing him in jail for two hours before a Jackson's Gap police officer came in and made out a warrant against him for domestic violence and menacing; (10) the "clerk's office" refused to provide him a copy of a public record he requested; and (11) failure of a court in Tallapoosa County[5] to enter default and default judgment against Mike Coggins and his sister Dianne Harrelson even though they did not answer Coggins' complaint against them with which they had been served.[6] In articulating his claims, Coggins

---

[3] Coggins' nephew Mike Coggins has allegedly been breaking in, stealing, and damaging Coggins' house.

[4] The Court advises Coggins that the right to speedy trial acknowledged by the constitution and the Speedy Trial Act apply to an accused in a criminal case and do not apply to litigants in civil actions.

[5] Coggins fails to specify which exact court he claims did this. The Court takes judicial notice of the fact that Tallapoosa County is one of four counties in the 5th Judicial Circuit. The Alabama Court system includes three types of trial-level courts of limited jurisdiction (probate court, municipal court, and district court) and one trial-level court of general jurisdiction known as a circuit court.

[6] In attempting to summarize all of Coggins' claims, the Court has carefully reviewed each and every document Coggins has filed in this case. The factual predicate for his claims is difficult to discern. It is particularly difficult to identify which claims are directed to which

incorporates by reference paper filed in various other actions in a variety of state and federal courts. Of course, this Court can only review matters filed in this case and made a part of the record. It has no ability or obligation to independently access the court files for cases pending in the state judicial system. Moreover, Coggins is advised that this Court cannot and will not sit as an appellate court and review the actions of any other court.

This cause is now before the Court on a Motion to Appear In Forma Pauperis (Doc. # 2) filed by Plaintiff Gene Coggins ("Plaintiff") on May 9, 2007. Plaintiff's motion is properly made pursuant to 28 U.S.C. § 1915(a)(1).[7] Section 1915(a)(1) provides:

> Subject to subsection (b), any court of the United States may authorize commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

While this provision authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

The pauper's affidavit should not be a broad highway into the

---

defendant. Moreover, the factual predicate for his claims is sometimes better articulated in documents other than the Complaint or the Amended Complaint. For example, the Motion to Show Cause (Doc. # 4) contains a clearer statement than either the Complaint (Doc. # 1) or the Amended Complaint (Doc. # 12). The Court required Coggins to file the Amended Complaint in the hope that he would clarify the factual predicate for his claims.

[7] Plaintiff incorrectly invokes Federal Rule of Appellate Procedure 24, which does not apply to cases, such as this one, pending the district, rather than appellate, court.

> federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Philiips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). For this reason, it is well established that a district court should follow a two-step procedure in processing a complaint filed pursuant to 28 U.S.C. § 1915. First,

> the district court should determine whether the plaintiff satisfies the economic eligibility criterion under [28 U.S.C. § 1915(a)[(1)]. Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees.

*Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 16, 1981).[8] Second, once leave has been granted, this provision allows the district court to dismiss the complaint prior to service of process if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).[9] Thus, the court may "spare

---

[8] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[9] Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —
>
> > (A) the allegation of poverty is untrue; or
> > (B) the action or appeal ---
> > > (i) is frivolous or malicious;

the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall*, 648 F.2d at 270. Section 1915(e) applies to all litigants proceeding *in forma pauperis*. *See, e.g., Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring).

It appears from the affidavit filed in support of the Motion to Appear In Forma Pauperis (Doc. # 2) that Plaintiff satisfies the economic eligibility criteria of § 1915(a)(1). Accordingly, the complaint may be filed without prepayment of fees.

The Court is, however, of the view that part of this cause should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) – (iii). Plaintiff brings claims in this case against the Tallapoosa County Sheriff Department. The Tallapoosa County Sheriff's Department, is not a legal entity subject to suit or liability. *See*, *e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). For this foregoing reason, the Court all claims in the Amended Complaint against the Tallapoosa County Sheriff Department are due to be dismissed before service on defendants pursuant to § 1915(e)(2)(B)(i) – (iii). *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989); *Denton v. Hernandez,* 504 U.S. 25, 122 (1992).[10]

---

(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[10] Prior to the date on which Coggins filed his amendment to the complaint, the Court had ordered the claims against the Tallapoosa County Sheriff Department dismissed, but when Coggins filed his amended complaint he once again included the claims against the Tallapoosa County Sheriff Department. It should be clear from this Memorandum Opinion and Order that no such claims remain in this suit.

Accordingly, it is ORDERED as follows:

(1) Plaintiff's Motion to Appear In Forma Pauperis (Doc. # 2) is GRANTED to the extent that Plaintiff's Complaint is filed without prepayment of fees.

(2) Plaintiff's claims against the Tallapoosa County's Sheriff Department are DISMISSED WITHOUT PREJUDICE pursuant to 28 § 1915(e)(2)(B)(i) – (iii).

(3) Plaintiff's Motion to Appear In Forma Pauperis (Doc. # 2) is GRANTED to the extent that Plaintiff seeks to bring claims against Tallapoosa County. The Court wishes the plaintiff to fully understand the limited nature of being allowed to proceed *in forma pauperis* which only permits the plaintiff to commence this suit without *prepayment* of fees and court costs. The plaintiff should understand he may incur expenses as a result of the prosecution of this case. In the event of trial, the plaintiff may compel the attendance of witnesses through subpoena only by tendering to each witness payment of witnesses fee as set forth by federal law, plus mileage. Also, court costs, which vary, but which can be very substantial, are normally assessed against the losing party. This means that a plaintiff who loses a case, even though proceeding *in forma pauperis*, may be charged with, and obligated to pay, all court costs. Additionally, some laws provide that prevailing parties may recover attorneys' fees from unsuccessful litigants. Plaintiff should bear all of these possible consequences of proceeding with this litigation in mind.

(4) The Clerk of the Court is DIRECTED to serve the Summons, Complaint, Amended Complaint, and a copy of all Orders in this file on Tallapoosa County.

(5) It is the practice of this Court to refer all cases involving *pro se* plaintiffs to a Magistrate Judge. The Magistrate Judge handles all non-dispositive motions and all pretrial matters in the case. Any potentially dispositive motion will be handled by the undersigned after considering a report and recommendation from the Magistrate Judge. Additionally, should this matter proceed to trial, the undersigned will preside over the trial. Consistent with this practice, it is hereby ORDERED that, pursuant to 28 U.S.C. § 636(b)(1), this case is referred to United States Magistrate Judge Susan R. Walker for all pretrial proceedings and entry of any orders or recommendations as may be appropriate.

DONE this the 9th day of July, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE