IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **GENE COGGGINS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:07-cv-00406-MEF-SRW |
| | ) |
| **TALLAPOOSA COUNTY** | ) |
| | ) |
|     **Defendant.** | ) |

## DEFENDANT'S ANSWER

COME NOW Tallapoosa County, Defendant in the above-styled cause, and answers the Plaintiff's Complaint as follows:

## Answer

The Defendant in this action denies each and every allegation made by the Plaintiff, Gene Coggins, and demands strict proof thereof. The Defendant denies that it acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of his constitutional rights.

## Affirmative Defenses

1.  The Plaintiff's Complaint, separately and severally, fails to state a claim upon which relief may be granted.

2.  *Res judicata*, claim preclusion and collateral estoppel bar Plaintiff's Complaint. See Gene Coggins v. Probate Judge Gloria Sinclair, 3:07-cv-0525. Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (11th Cir. 1975) (holding that "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative").

3.  The Plaintiff has not followed Fed. R. Civ. P., Rule 8, in that he has not worded his Complaint in "a short and plain statement of the claim showing that the pleader is entitled to relief."

4.	The Defendant in this action is entitled to immunity from the Plaintiff's claims.

5.	Defendant is not responsible for the actions of the Probate Court, the Sheriff's Department, or the City Police Department, and a claimant may not base a civil rights action upon *respondeat superior* even if Tallapoosa County was responsible for those departments. Ala. Const., 1901, Amendment 328, §§ 6.01, 6.06 (amending Article VI, Ala. Const., 1901); Turquitt v. Jefferson County, Alabama, 137 F.3d 1285 (11th Cir. 1998); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

6.	Plaintiff has not exhausted his remedies under Alabama law, specifically his right to appeal a probate court judgment or to petition a higher court for an extraordinary writ.

7.	The District Court has no jurisdiction over this matter, whether based on a federal question or diversity jurisdiction.

8.	Plaintiff fails to allege any affirmative causal link between the damage to Plaintiff's house and the alleged acts of the Defendant.

9.	Plaintiff fails to allege any constitutional deprivation or Defendant's direct participation in any alleged constitutional violation.

10.	County peace officers are immune from tort liability for performing their duty to arrest. Ala. Code 1975, § 6-5-338(a).

11.	The Defendant named by Plaintiff did not perform the arrest of Plaintiff; therefore, proximate cause, a necessary element, is missing from Plaintiff's Complaint.

12.	Not only is the Plaintiff unable to prove a violation of his rights under the United States Constitution or federal law, but he has failed to even allege any violation of the United States Constitution or any federal law.

13.	Defendant reserves the right to supplement this Answer by adding additional affirmative defenses as the facts of this case are developed and if discovery is ordered by the Court.

Respectfully submitted this 1st day of August 2007.

> s/Winthrop E. Johnson
> WINTHROP E. JOHNSON, Bar Number: JOH086
> Attorney for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  wjohnson@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of August 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Gene Coggins
> 242 High Top Cr.
> Jackson's Gap, AL  36861

> **s/Winthrop E. Johnson**
> OF COUNSEL