## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-cv-00406-MEF-SRW |
| | ) | |
| TALLAPOOSA COUNTY | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW Tallapoosa County, Defendant in the above-styled cause, and moves this Honorable Court to dismiss the Plaintiff's Complaint against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Plaintiff's Complaint, and its component parts, separately and severally fails to state a claim against it upon which relief may be granted. As grounds for so moving, said Defendant states as follows:

1.      All claims by Plaintiff against Defendant must fail because Plaintiff failed to set forth a claim in his pleading in "a short and plain statement of the claim showing that the pleader is entitled to relief" in violation of Fed.R.Civ.P., Rule 8. In fact, the claim is so lacking in plainness that it is difficult to discern what the claim alleges.

2.      Plaintiff's claims against the Probate Judge are barred by *res judicata*, claim preclusion, and collateral estoppel because Plaintiff has already filed a claim against Probate Judge Sinclair with identical claims in Gene Coggins v. Probate Judge Gloria Sinclair, 3:07-cv-0525, which was dismissed with prejudice on July 31, 2007 (Complaint, Magistrate's Report and Recommendations, and Order, attached as Exhibits A, B and C). Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (11th Cir. 1975) (holding that "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative").

3.     Plaintiff has failed to state a claim upon which relief may be granted.  Rule 12(b)(6), Fed.R.Civ.P.

4.     The Plaintiff inadequately explains how the Federal District Court has jurisdiction, and Plaintiff states no claim that fits within the subject matter jurisdiction of the federal district courts. U.S. Constitution, Article III, Section 2.

5.     The Plaintiff has alleged no diversity among the parties that would provide the District Court with jurisdiction.

6.     With the exception of providing a building for each of the offenders named in Plaintiff's Complaint, Tallapoosa County, by and through its governing body, the  Tallapoosa County Commission, is not responsible for the acts of the Sheriff's Department, a part of the executive department; the Probate Court, which is part of the independent judiciary; or the City Police Department, a City agency; therefore, even if any constitutional violations were committed by any of these actors, Plaintiff fails to allege any actions by Tallapoosa County that would make it a proper Defendant.  Ala. Const., 1901, Amendment 328, §§ 6.01, 6.06 (amending Article VI, Ala. Const., 1901); Turquitt v. Jefferson County, Alabama, 137 F.3d 1285 (11th Cir. 1998).

7.     Even if Tallapoosa County was responsible for the actions of the Sheriff's Department, the Probate Court, or the City Police Department, a party cannot be liable for a civil rights violation based on *respondeat superior*.  Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

8.     The actions of a Probate Judge are entitled to absolute judicial immunity; therefore, even if Tallapoosa County could be construed as being responsible for that Court's actions, it would be entitled to immunity.  Badillo v. Thorpe, 158 Fed. Appx. 208 (11th Cir. 2005) (claim against state court judge under Americans with Disabilities Act barred by doctrine of absolute sovereign immunity).

9.     The allegations in Plaintiff's Complaint are not ripe for review.  Plaintiff has not even alleged a decision issued by the probate judge, with which he disagrees.

10.    With respect to probate court judgments, Alabama law and court rules provide the procedure for appeal of probate court judgments and petitions for remedial and extraordinary writs. Ala. Code 1975, § 12-22-2; Ala.R.App.P., Rule 21.

11.    The Plaintiffs' claim for punitive damages is due to be stricken.

WHEREFORE, PREMISES CONSIDERED, Defendant Tallapoosa County, respectfully requests this Honorable Court dismiss the Plaintiff's Complaint against it and grant unto it such other, further, and different relief to which it may be entitled, including its attorney's fees and costs in this matter.

Respectfully submitted this 1st day of August 2007.

> **s/Winthrop E. Johnson**
> WINTHROP E. JOHNSON, Bar Number: JOH086
> Attorney for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  wjohnson@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of August 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Gene Coggins
> 242 High Top Cr.
> Jackson's Gap, AL  36861

> **s/Winthrop E. Johnson**
> OF COUNSEL

**Exhibit A
Complaint**

# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION, AT MONTGOMERY, ALABAMA

RECEIVED

2007 JUN 14 A 9: 46

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

GENE COGGINS  Pro st.
1436 COUNTY ROAD #299
LANETT, AL  36863
(334)  576 - 3263
     Plaintiff


V:

CIVIL ACTION NO. 3:07-CV-525-WKW


MRS GLORIA SINCLAIR
PROBATE JUDGE OF
TALLAPOOSA COUNTY
125 N. BROADNAX ST. RM. 126
DADEVILLE, AL 36853
     Defendant

## COMPLAINT AND MOTION FOR CRIMINAL CHARGES

    COMES NOW,  THE PLAINTIFF GENE COGGINS , WITH THIS FORMER COMPLAINT AND MOTION FOR CRIMINAL CHARGES TO BE FILED AGAINST THE ABOVE DEFENDANT.  FILED IN THE PROPER COURT WITH THE CORRECT JURISDICTION AS A VIOLATION OF A GUARANTEED CONSTITUTION RIGHT.  THE PLAINTIFF ELECTS TO USE THE **APPENDIX SYSTEM**, AS SO GIVEN IN FEDERAL RULE 34 (a) & R. APP. P. 30..  THE PLAINTIFF DOES NOT DESIRE ORAL ARGUMENT ON THE FOLLOWING GROUNDS;

01.

1.   ALL ISSUES ARE ESTABLISHED LAWS,

2.   I HAVE A MEDICAL PROBLEM WITH MY BLOOD PRESSURE,  HAVING TO
     TAKE FROM ONE TO FOUR PILLS A DAY..

**COST OR REQUIRED SECURITY;**

THE COST FOR THIS ACTION IS COVERED IN PURSUIT TO FEDERAL RULE

APP. P. 39.  ANY PARTY HAS THE GUARANTEED RIGHT TO APPEAR IN ANY

COURT WITHOUT PREPAYMENT OF FEES, COST, OR GIVING ANY SECURITY

THERE-OF,  ANY ADDITIONAL COST TAXED AGAINST THE PLAINTIFF IS

COVERED UNDER THIS MOTION WITH AFFIDAVIT OR DECLARATION IN SUPPORT

THERE OF,  TO PROCEED IN **FORMA PAUPERIS,** AS GIVEN IN RULE 28 - 38, U.S.C...

THESE RULES WERE SET UP TO HELP POOR PEOPLE TO HAVE A DAY IN COURT,

AND NOT FOR AN EXCUSES TO DISMISS A COMPLAINT THAT IS PROPERLY FILED

AND THE PLAINTIFF SEEKING A FAIR FORM OF JUSTICE IN THE PROBLEM THAT

HAS BEEN PRESENTED.  May V: Williams 17 Al. 23 (1849)

**CAUSE OF ACTION:**

1.   MY GUARANTEED CONSTITUTION RIGHT WERE VIOLATED,  WHEN THE

PROBATE OFFICE SET ON FINAL SETTLEMENT OF A WILL (CASE NO.06-00687 AS

FILED IN TALLAPOOSA COUNTY), FOR OVER TWO YEARS WITH NO RESULTS,

THEN I FILED A PETITION TO APPEAL TO CIRCUIT COURT, THIS WAS DENIED,

WITH REASON AS NON-PAYMENT.  HERE AGAIN DENYING MY DUE PROCESS OF

LAW,

2.   WHERE THE ALLOWANCE OF AN APPEAL FROM A LOWER COURT IS A

02.

GUARANTEED CONSTITUTION RIGHT, WHERE A LOWER COURT REFUSES TO
MODIFY AN INJUNCTION, OR DISSOLVE ALL ISSUES IN DETERMINING THE RIGHT
AND LIABILITIES OF THE PARTIES INVOLVED IS IMMEDIATELY APPEALABLE,
AND NO ILLEGAL COST OR RESTRAINTS CAN BE ADDED ON. Budinich V: Becton
Dickinson & Co. , 486, U.S. 196, 201, 108, S. Ct. 1717-22, 100 L Ed. 2d,178,(1988),
LaChance V: Duffy's Draft House, inc. 146, F. 3d, 832, 837, (11th. Cir. 1998), Fed. R. Civil P.
56.

3.     UNDER FEDERAL RULE APP. 39, ANY PARTY HAS THE RIGHT TO APPEAL
TO ANY COURT WITHOUT PREPAYMENT OF FEES, COST, OR GIVING SECURITY
THERE FOR.. AGAIN THIS GUARANTEED DUE PROCESS OF LAW AS GIVEN IN THE
UNITED STATES CONSTITUTION WAS DENIED.

4.     THE REMOVAL OF ANY CASE PROCEEDINGS DEPENDS UPON WHETHER
THE DEMAND FOR REMOVAL IS BASED UPON AN INDICTMENT BY A GRAND
JURY, UPON INFORMATION PROVIDED, OR A COMPLAINT. SUCH PROCEEDINGS
SHALL ALWAYS PROCEED, UNDER THE CONDUCTING BEFORE A FEDERAL JUDGE
OR UNITED STATES COMMISSIONER, BUT NEVER A MAGISTRATE JUDGE.. 9
Edmunds Cyclopedia of Federal Procedure 3919...   BY NOT FOLLOWING THE
GUARANTEED DUE PROCESS OF LAW MAKES THIS ANOTHER ILLEGAL
OPERATION, WHERE THE PROPER COMPLAINT AND MOTION FOR APPEAL WAS
PROPERLY FILED. WHERE CIVIL LIABILITY ARE PERSONAL GUARANTEED AND
PROTECTED BY THE CONSTITUTION OF THE UNITED STATES, .THIS FREEDOM OF
NATURAL LIBERTIES SHORN OF EXCESSES WHICH INVADES EQUAL RIGHTS TO

**03.**

OTHERS, THEY ARE RESTRAINTS PLACED UPON THE GOVERNMENT.. Sowers V: Ohio Civil Rights Commission 20 Ohio Misc. 115, 252,N.E. 2d, 463, 476..

**MOTION FOR CRIMINAL CHARGES:**

WHEN A PROBATE JUDGE BRAKES THE **OATH OF OFFICE**, BY NOT ABIDING BY THE SWORN STATEMENTS TO UPHOLD THE CONSTITUTION OF THE UNITED STATES, FEDERAL LAWS AND STATUES THAT PROVIDE EQUAL PROTECTION TO ALL PEOPLE, THIS BECOMES A CRIMINAL OFFENCE THAT IS A **FELONY,** THAT SHOULD BE CHARGED WITH AND PUNISHED TO THE FUL EXTENT OF THE LAW

THE OATH OF OFFICE BINDS A PARTY WHEN THEY ASSUME CHARGE OF THAT OFFICE, HEREBY DECLARES THAT THEY WILL **FAITHFULLY** AND **TRUTHFULLY** DISCHARGE THE DUTIES OF THAT OFFICE AND UPHOLD ALL THE LAWS EQUALLY. AS FOUND IN THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND STATUTES THAT MAY APPLY TO THAT PARTICULAR CASE. Art. VI, U. S. Const. THAT THIS ATTESTATION OR PROMISE IS MADE UNDER A IMMEDIATE SENSE OF RESPONSIBILITY TO **GOD,** WHERE ONE WILLFULLY ASSERTING UNTRUE STATEMENTS ARE ALSO PUNISHABLE FOR **PERJURY.** Art.II, Sec. I, U. S. Const. Vaughn V: State, 146, Tex. Cr. R. 585, 177, S. W. 2d, 59, 60..

**DEMAND FOR JUSTICE:**

EVERY CASE THAT I HAVE PRESENTED IN THIS COURT, SOME EXCUSE IS ALWAYS USED TO DENY ME OF MY GUARANTEED CONSTITUTION RIGHTS IN THE

04.

DUE PROCESS OF LAW.   LIKE CAUSE OF ACTION, WHERE NO ONE CAN
UNDERSTAND WHAT THE COMPLAINT IS ABOUT, TO WHOM IS THE DEFENDANT,
NOT SURE IF PLACED IN THE PROPER JURISDICTION,   TRYING TO PLACE A COST
UPON, TO  CLAIM MY COMPLAINT IS FRAUDULENT, OR TO CLAIM THAT THE
DEFENDANT IS FREE FROM BEING SUED,  THESE EXCUSES TO DENY ME AS AN
AMERICAN CITIZEN THE GUARANTEED RIGHT TO BE HEARD IN ANY COURT BY A
JURY OF MY PIERS.  s/s 34 - 3 - 19, ANY PERSON MAY MANAGE HIS OWN CASE, IN
ANY COURT IN THE UNITED STATES OF AMERICA.  A **STATE CANNOT** EXCLUDE
A PERSON FROM THE PRACTICE OF LAW OR FROM ANY OTHER OCCUPATION IN A
MANNER OR FOR REASONS THAT CONTRAVENE THE DUE PROCESS
PROTECTION CLAUSE OF THE 14th AMENDMENT OF.THE UNITED STATES
CONSTITUTION.   535, U. S. At. 238 - 239, 77, S. Ct. At. 756..

THE PRINCIPAL AUTHORITY AS A REASONABLE PRUDENT MAN USING
DILIGENCE AND DISCRETION PRINCIPALS USUALLY INCLUDES WHATEVER IS
NECESSARY IN CARRYING OUT AND PROTECTING THE DUE PROCESS OF LAW, AS
FOUND IN THE 5th AMENDMENT OF THE UNITED STATES CONSTITUTION, AGAIN
IN THE 14th AMENDMENT, WHICH PROTECTS A STATE FROM STATE ACTIONS,
WHERE THE PERSON IS **GUARANTEED FAIR PROCEDURES** AND SUBSTANTIVE
UNDER SAFEGUARD FOR THE PROTECTION OF INDIVIDUAL RIGHTS, AS
ESTABLISHED IN OUR SYSTEM OF JURISPRUDENCE FOR THE ENFORCEMENT AND
PROTECTION OF PRIVATE RIGHTS.

HERE AGAIN MY GUARANTEED FAIR PROCEDURES AND INDIVIDUAL

05.

RIGHT AS GIVEN IN THE UNITED STATES CONSTITUTION HAS NEVER EXISTED

FOR ME IN ANY CASE INVOLVED WITH THE SO CALLED ADMINISTRATORS OF

THE AMERICAN JUSTICE SYSTEM.

DENYING MY CONSTITUTION RIGHT FOR A SPEEDY TRIAL, AS GIVEN IN

THE FEDERAL ACT OF 1974, SET OUT AND ESTABLISHED TIME LIMITS ON ALL

EVENTS THAT ARE CARRIED OUT IN THE JUDICIAL SYSTEMAS SO PLACED ON

THE SHORT TERM CALENDER, SO AS TO ASSURE A SPEEDY TRIAL.  THE 7th

AMENDMENT OF THE UNITED STATES CONSTITUTION , REQUIRES A TRIAL BY AN

IMPARTIAL JURY, EITHER **CIVIL OR CRIMINAL**, ON **ALL ISSUES** BETWEEN THE

PARTIES, WEATHER THEY BE ISSUES OF LAW OR FACTS WITH NO RESTRAINTS

OR ILLEGAL COST ADDED ON, BEFORE A COURT THAT HAS PROPER

JURISDICTION.  Fed. R. Civil P.  38 (a), 48 Crim.  P.  23, 33, Fed. R.  Civil P.  59.  U. S. C.

A.  s/s 3161, Baker  V: Wingo 407, U.S. 514, 92, S.  Ci, 2182, 33 LED, 2d, 101, Bryant V:

State Md.  App.  572. 244, A.  2d, 446, 448, 6th Amendment of the United States Constitution..

A SPEEDY TRIAL IS NOT CONFINED TO MERELY AN IMPAIRMENT, BUT

INCLUDES ANY THREAT TO WHAT HAS BEEN TERMED AS ACCUSED'S

SIGNIFICANT STAKES, PSYCHOLOGICAL, PHYSICAL, FINANCIAL IN THE COURSE

OF A PROCEEDING WHICH MAY ULTIMATELY DEPRIVE HIM OF PROPERTY, LIFE,

LIBERTY, OR PRESUIT OF HAPPINESS..  U.S.  V: Dryer C. S. N. J.  533, F.  2d, 112, 115..

THE COMPLAINT AS PRESENTED BY THE PLAINTIFF, HAS PRODUCED

SUFFICIENT EVIDENCE TO ESTABLISH THAT THERE IS PROBABLE CAUSE TO

BELIEVE THAT THE ABOVE DEFENDANT HAS COMMITTED A CRIME IN THE

**06.**

PERFORMANCE OF HER DUTY AS A PROBATE JUDGE, BY NOT ABIDING BY THE

OATH OF OFFICE SHE TOOK.

**JURISDICTION:**

I HAVE BEEN A LIFE TIME RESIDENT OF THIS STATE, BORN IN

TALLAPOOSA COUNTY AT, DADEVILLE, ALABAMA.. WHEN I FINISHED LAW

SCHOOL AT JACKSONVILLE STATE, THE REQUIRES RULES TO FILE A COMPLAINT

IN FEDERAL COURT CONSIST OF THE FOLLOWING:

A.     A CONSTITUTION VIOLATION

B.     A CIVIL RIGHT VIOLATION

C.     DENYING THE DUE PROCESS OF LAW

D.     THE AMOUNT OF MONEY INVOLVED.

IN MY COMPLAINT I HAVE GIVEN NO. A, C, & D, AS MY LEGAL RIGHT TO

PRESENT THIS CASE IN THIS COURT, WHERE THE ONLY REQUIREMENTS FOR

JURISDICTION MUST BE MEET ARE;

a.     THAT THE DEFENDANT (S) HAS BEEN PROPERLY SERVED WITH A

SUMMONS AND ON GOING COMPLAINT,

b.     THAT THE CONTROVERSY EXCEEDS A CERTAIN SUM,

c.     THAT THE PARTIES ARE CITIZENS OF THE UNITED STATES...

Nobel V: Union River Logging Railroad Co.  147 U.S. 165, 13, S. Ct. 271, 37, L. Ed. 123..

ALL OF THE ABOVE QUALIFICATIONS HAVE BEEN MEET FOR PROPER

JURISDICTIONS ACCORDING TO THE GIVEN ABOVE LAWS.. NO REFUSAL FOR

PROPER JURISDICTION CAN BE USED AS AN EXCUSE IN THIS COMPLAINT.

07.

THE 11th AMENDMENT GIVES A CITIZEN OF THIS STATE THE RIGHT TO SUE OTHER CITIZENS IN THIS STATE, AND CANNOT BE USED AS AN EXCUSE TO DISMISS THIS COMPLAINT. THE STATE LAW THAT GIVES IMMUNITY FROM PROSECUTION, HAS NO AUTHORITY IN THE FEDERAL COURT, FOR THE !1th AMENDMENT OF THE UNITED STATES CONSTITUTION, MAKES THE STATE LAW ILLEGAL. ANY MOTION TO AVOID THE PLEA AS GIVEN IN THIS COMPLAINT OR FAILS TO STATE IN SHORT AND PLAIN TERMS IS USELESS AND INSUFFICIENT ANSWER Wright V: Miller, Fed. P. & P. s/s 1196..

**JUDGMENT:**

1. A FINE OF $250,000.00, COURT COST, ANY ATTORNEY FEES IF APPLICABLE,

2. FINE TO TRIPLE FOR EVERY APPEAL, OR STALLING METHOD USED IN ANY COURT, FOR EVERY THIRTY DAYS, UNTIL FINAL SETTLEMENT..

**CONCLUSION:**

LOOKING OVER THE PRIOR CASES THAT I FILED IN THE UNITED STATES DISTRICT COURT, EVERY ILLEGAL EXCUSE WAS USED TO AVOID FINAL SETTLEMENT IN THIS CASE. THIS MUST BE HEARD BY AN IMPARTIAL, TRUTHFULLY, AND FAITHFULLY, DISTRICT FEDERAL JUDGE THAT CAN DISCHARGE THE DUTIES OF HIS OFFICE, ABIDE BY THE OATH OF OFFICE WHEN SWORN IN, NOT ALLOWING OUTSIDE INFLUENCE ABOUT JUST DECISIONS, ABLE TO PLACE ALL OF THE LAWS GUARANTEED BY THE UNITED STATES CONSTITUTION, FEDERAL LAWS AND STATUES THAT PROVIDE THIS DUE PROCESS OF LAW AND EQUAL PROTECTION TO ALL PEOPLE. BY LAW NO

**08.**

MAGISTRATE JUDGE CAN BE INVOLVED, FOR THEY CAN ONLY BE APPOINTED IN

MINOR OFFENSES, BY A FEDERAL DISTRICT JUDGE, AND THIS CONSTITUTION

VIOLATION IS NOT A MINOR OFFENSE. . IF THE FEDERAL DISTRICT JUDGE FEELS

LIKE HE CANNOT ISSUE A FAIR AND JUST FINAL DECISION IN THIS CASE, BASED

ONLY ON THE EVIDENCE PRESENTED, THEN HE MUST EXCUSE HIMSELF AND

REQUEST THAT A PANEL OF AT LEAST THREE OR MORE FEDERAL DISTRICT

JUDGES ISSUE A FINAL SETTLEMENT.   THIS CASE IS NOT BETWEEN ME AND ANY

JUDGE,  THIS CASE IS AGAINST THE DEFENDANT, GLORIA SINCLAIR ONLY,  AND

ALL UN-NESSARY PAPER WORK AND EXCUSES IS A WAIST OF BOTH OF OUR TIME

THEREFORE,  PLEASE SET THIS ON YOUR EARLY CALENDER FOR FINAL

SETTLEMENT..

   I HEREBY DECLARE UNDER PENALTY OF PERJURY, THAT ALL

STATEMENTS MADE IN THIS COMPLAINT ARE TRUE TO THE BEST OF MY

KNOWLEDGE.  THAT I HAVE SENT A COPY OF THIS ACTION TO THE FOLLOWING;


GENE COGGINS Pro se
1436 COUNTY ROAD #299
LANETT, AL  36863
(334) 576 - 3263

CC:
CLERK OF THE U.S. DIST. COURT
P.O.  BOX 711
MONTGOMERY, AL 36101-0711

STATE OF ALABAMA
   ATTORNEY GENERAL
P.O.  BOX 320001
   MONTGOMERY, AL 36132-0001

UNITED STATES
ATTORNEY GENERAL
WASHINGTON, D.C. 20559

DISTRICT ATTORNEY
   TALLAPOOSA COUNTY
      COURTHOUSE 125 N.
         BROADNAX ST.
DADEVILLE, AL 36853

**09.**

**Exhibit B**
**Recommendation of the Magistrate Judge and Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.3:07cv525-WKW |
| | ) | [WO] |
| GLORIA SINCLAIR, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE[1] and ORDER**

Plaintiff Gene Coggins, a frequent *pro se* litigant is this Court, has filed a motion to

proceed *in forma pauperis* in this action (doc. # 2).  Upon consideration of the motion, and for

good cause, it is

ORDERED that the motion to proceed *in forma pauperis* (doc. # 2) be and is hereby

GRANTED.

Upon review of the complaint in this case, the court concludes that dismissal of the

complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]  In this 42

U.S.C. § 1983 action, the *pro se* plaintiff names as the sole defendant the probate judge for

Tallapoosa County, Alabama.  Coggins contends that Judge Sinclair violated his constitutional

rights when "the probate office set (sic) on final settlement of a will . . . for over two years with

---

[1]  On June 21, 2007, this case was referred to the Magistrate Judge pursuant to 28 U.S.C. §
636(b)(1)(A). The plaintiff objects to that referral. *See* Doc. #4. The plaintiff's objections to the referral lack
merit.

[2]  The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court
determines that  . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which
relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." 28
U.S.C.  § 1915(e)(2)(B).

no results, then I filed a petition to appeal to circuit court, this was denied with reason as non-payment." (Compl. at 2). Coggins further complains at length about this alleged denial of his right to appeal. Finally, Coggins contends that "there is probable cause to believe that [Judge Sinclair] has committed a crime in the performance of her duty as probate judge, by not abiding by the oath of office she took." (Compl. at 6-7.) For the following reasons, this case is due to be dismissed.

A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Section 1915(e)(2) further authorizes the court to dismiss cases against defendants who are immune or when the action is frivolous. A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). As part of the process of making the determination called for by § 1915(e)(2), the trial court determines "whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong." *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987). Furthermore, "if a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has concluded a 'sufficient inquiry' to determine whether the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1169-70. . . . That the complaint states a cause of action does not mean that the action cannot be frivolous for the purposes of a section 1915(d) dismissal." *Menendez*, 817 F.2d at 739-40 (IFP complaint that states claim under Rule 12(b)(6) may nevertheless be dismissed if court becomes convinced that

2

case is frivolous).

    1. <u>The Request for Monetary Damages</u>. Coggins seeks damages from Judge Sinclair. It is clear that all of the allegations made by the plaintiff against Judge Sinclair emanate from actions taken by this defendant in her judicial capacity during or relating to state court proceedings over which she had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Sinclair are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

    2. <u>The Request for Declaratory Relief</u>. To the extent Coggins seeks declaratory relief from adverse decisions issued or actions take by Judge Sinclair in the state probate proceedings, this court lacks jurisdiction to render such a judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Coggins from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

3

rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at ___, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover especially with respect to the allegation that Judge Sinclair "set (sic) on final settlement," a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

Finally, to the extent the plaintiff seeks to pursue criminal charges against Judeg Sinclair, this claim fails to rise to the level of a constitutional violation. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Conlogue v. Shinbaum*, 949 F.2d 378, 380-81  n.5 (11th Cir. 1991). A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, the action about which the plaintiff complains did not deprive him of any constitutionally protected interest and therefore cannot form the basis for an action brought pursuant to 42 U.S.C. § 1983.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 1983 claims against  Judge Sinclair be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).   It is further

4

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 12, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of June, 2007.

                                     /s/Charles S. Coody
                                     CHARLES S. COODY
                                     CHIEF UNITED STATES MAGISTRATE JUDGE

**Exhibit C**
**Final Judgment**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GENE COGGINS,                      )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )        CASE NO. 3:07-cv-00525-WKW
                                   )
GLORIA SINCLAIR,                   )
                                   )
        Defendant.                 )

## FINAL JUDGMENT

In accordance with the prior proceedings, opinions, and orders of the Court, it is the ORDER,

JUDGMENT, and DECREE of the Court that this action is DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a final

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE this 31st day of July, 2007.

        /s/  W.  Keith Watkins
        UNITED STATES DISTRICT JUDGE